# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

william-dennis,

                    Plaintiff,

v.

Jocelyn Benson, *et al.*,

                    Defendants.

_____/

Case No. 25-cv-13264

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

# ORDER DISMISSING THE COMPLAINT
# WITHOUT PREJUDICE AND DENYING AS MOOT
# <u>PLAINTIFF'S MOTIONS [8, 12, 13, 20]</u>

Plaintiff filed the complaint in this matter on October 16, 2025. (ECF No. 1.) The complaint named Michigan Secretary of State Jocelyn Benson and "James," the branch manager of the Clarkston Secretary of State office, as Defendants. (*Id.* at PageID.2.) On January 16, 2026, the Court ordered Plaintiff to show cause why this matter should not be dismissed for lack of service. (ECF No. 17.) Specifically, the Court noted that Plaintiff had not served the summons and complaint on Defendants and the "ninety-day time limit for service has elapsed" pursuant to Federal Rule of Civil Procedure 4(m).

On January 26, 2026, Plaintiff submitted two responses to the order to show cause. (ECF Nos. 18, 19.) These responses are identical, except that one contains a declaration of Bryan Adam Mellinger. (ECF No. 18, PageID.77.) In his responses, Plaintiff alleges that on October 22, 2025, Defendants were served "at corporate counsel office as agreed and described by the Defendants' hired attorney who in turn agrees service is completed based n [sic] court progress and interaction thus far." (*Id.* at PageID.75.)

Federal Rule of Civil Procedure 4(c)(1) provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . . ." Rule 4(m) states,

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Claybron v. Deangelo*, No. 2:21-cv-11953, 2022 WL

5236843, at *1 (E.D. Mich. Aug. 25, 2022) (quoting *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)), *report and recommendation adopted*, No. 21-cv-11953, 2022 WL 5199879 (E.D. Mich. Oct. 5, 2022).

Here, Plaintiff has not demonstrated good cause for his failure to timely serve Defendants.

First, Plaintiff's representations regarding service are inconsistent. In his request for Clerk's entry of default, Plaintiff stated that he served "Corporate Counsel Office" on October 22, 2025 through personal service. (ECF No. 15.) Plaintiff similarly alleges in his responses to the Court's order to show cause that he served Defendants on October 22, 2025. (ECF No. 18, PageID.75.) However, the declaration of Bryan Adam Mellinger states that he served Robert Burns with the summons and complaint at the Secretary of State of Michigan's Main Office on October 17, 2025. (*Id.* at PageID.77.)

Additionally, it is impossible that Defendants were properly served with a copy of the summons and the complaint as required by Rule 4(c)(1) because summons were never issued in this case. Plaintiff never requested that summons be issued, yet he claims that Defendants were

3

served with a copy of the summons and complaint on October 17 and/or October 22, 2025.

Finally, Plaintiff's statement that Defendants have somehow waived service "based on their participation and response[s]" in this case (ECF No. 18, PageID.75) is not well taken. There is no indication that Defendants have waived service in this case. In fact, Defendants have not made an appearance in this case. As such, Plaintiff's argument related to waiver is denied.

Accordingly, Plaintiff's claims against Defendants Jocelyn Benson and "James" are DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 4(m). Plaintiff's motions (ECF Nos. 8, 12, 13, 20) are DENIED AS MOOT.

IT IS SO ORDERED.

Dated: February 5, 2026          s/Judith E. Levy
   Ann Arbor, Michigan          JUDITH E. LEVY
                                United States District Judge

4

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

5